**Ralph CASAS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 04–2359 (JAG).**
**Crim. No. 95–405 (GAG).**

United States District Court, D. Puerto Rico.

March 3, 2008.

Ralph Casas, Coleman, FL, pro se.

Nelson J. Perez–Sosa, United States Attorney's Office, San Juan, PR, for Respondent.

### OPINION AND ORDER

JAY A. GARCÍA–GREGORY, District Judge.

Ralph Casas (hereinafter, "Petitioner" or "Petitioner Casas") proceeding *pro se*, has moved to vacate, set aside, or correct his sentence pursuant to section 2255 of Title 28 of the United States Code ("section 2255"). Following a jury trial, Petitioner Casas was convicted of conspiracy to distribute narcotics and possession with intent to distribute narcotics in violation of 21 U.S.C. § 846. The Court of Appeals affirmed the conviction. In his present *pro se* motion, Petitioner seeks relief un-

der the provisions of 28 U.S.C. § 2255, raising an *Apprendi/Blakely* issue and claiming that the prosecutor committed misconduct. For the following reasons, the Court **DENIES** his motion.

## I. BACKGROUND

On December 13, 1995, a Federal Grand Jury returned an Indictment charging sixty (60) individuals. Among the defendants was Petitioner Casas who was charged with violations to Title 21 U.S.C. § 846. **Crim. D.E. # 2.** A Superseding Indictment was returned on August 8, 1996. **Crim. D.E. 417.** Count I charged all sixty defendants with conspiring between September 1992 and March 1995 to possess with intent to distribute approximately 1,400 grams of heroin and 9,445 kilograms of cocaine in violation of 21 U.S.C. § 846. **Crim. D.E. 417.**

The Court severed the trial of Petitioner Casas and three (3) other co-defendants from that of the other fifty-six (56) indicted defendants. The first group of indicted defendants to be tried were convicted after a nine-month trial starting in May of 1999. Petitioner Casas and three other co-defendants, Rafael Segui–Rodríguez, Feliciano Nieves, and Winston Cunningham were tried together before a jury from November 6 to November 28, 2001. On September 27, 2002, Petitioner Casas was convicted after a jury trial of the first count in the superseding indictment. **Crim. D.E. 2106.** On April 19, 2002, Petitioner was sentenced to imprisonment for the remainder of his lifetime, a special monetary assessment of $50.00, and a supervised release term of five (5) years. **Crim. D.E. 2212.** On April 26, 2002, Petitioner filed a notice of appeal. **Crim. D.E. 2214.** The First Circuit affirmed Petitioner Casas' conviction and sentence. *United States v. Casas,* 356 F.3d 104 (1st Cir.2004). See also **Crim. D.E. 2504.**

On December 10, 2004, Petitioner moved to vacate, set aside or correct the court's sentence pursuant to 28 U.S.C. § 2255 on the grounds that he was entitled to relief based on an *Apprendi/Blakely* rationale, and on the basis of alleged prosecutorial misconduct.

## II. DISCUSSION

### A. Section 2255 Standard

■ Section 2255 allows a convicted person being held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence. A properly filed motion under Section 2255 must allege that; (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See,* 28 U.S.C. § 2255. Accordingly, Section 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack. *See United States v. Addonizio,* 442 U.S. 178, 184–85, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Habeas review is an extraordinary remedy, and a Section 2255 motion simply is not a substitute for a direct appeal. *Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

## B. Apprendi/Blakely Claim

As far as the Court can tell, Petitioner Casas is claiming that his sentence should be vacated pursuant to *Apprendi* and *Blakely*, because the length of his sentence was based on factual determinations made by the trial court alone, rather than a jury. He also claims that the Court's determinations were based "on allegations compiled together in the presentence report by a probation officer after trial" and that these were never submitted to the jury. *See* Petition, p. 4, Ground Two. As will be explained ahead, it is decisive that this claim was already decided and rejected on appeal. Secondly, Petitioner Casas claims that the prosecutor committed misconduct "by presenting testimony and evidence of murder and violence during his trial for drugs" and that as a result of this and other acts by the prosecutor, the jury found the Petitioner guilty. *See* Petition, p. 4, Ground Three. The latter claim is defaulted. In the alternative, this same issue was decided on appeal against co-defendant-appellant Segui–Rodríguez, and, thus, Petitioner Casas cannot be entitled to relief.

The Court shall briefly examine Petitioner's claim. Petitioner submits that the sentencing court's determination as to facts not reflected in the jury's verdict and the role in the offense enhancements violated *Blakely* and *Apprendi* rationale. These cases, however, are inapplicable to Petitioner's sentence. For the benefit of discussion, we shall briefly discuss the trilogy of *Apprendi v.New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

In *Blakely*, which involved a guilty plea entered in the State of Washington, the Supreme Court invalidated a sentence imposed by the trial court after finding that the punishment exceeded the statutory maximum applicable to the facts admitted by the defendant. *See, Blakely*, 124 S.Ct. at 2537–38. In doing so, the *Blakely* Court applied the rule in *Apprendi v. New Jersey, supra.*, which requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*, 530 U.S. at 490, 120 S.Ct. 2348. Before *Blakely*, every federal circuit court of appeals had held that *Apprendi* did not apply to Sentencing Guideline calculations based on judicial fact findings, so long as the sentence was imposed within the statutory maximum as determined by the United States Code. In *Booker*, however, the Supreme Court found "no distinction of constitutional significance between the Federal Sentencing Guidelines" and the state sentencing scheme at issue in *Blakely*. *Booker*, 125 S.Ct. at 749. Specifically, the Supreme Court in *Booker* held that the mandatory character of the Sentencing Guidelines was incompatible with the Sixth Amendment right to a jury trial. *Id.*, 125 S.Ct. at 749–50. Accordingly, and in line with *Blakely*, the Supreme Court in *Booker* extended the holding in *Apprendi* with the following modification: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 125 S.Ct. at 756.

Petitioner Casas is not entitled to relief under *Apprendi, Blakely*, and *Booker* for more than one reason. His reliance on these holdings is misplaced as none of them applies retroactively on collateral review. Like *Blakely, Booker* is not retroactive. *See McReynolds v. United States*,

397 F.3d 479, 480 (7th Cir.2005), *cert. denied,* 545 U.S. 1110, 125 S.Ct. 2559, 162 L.Ed.2d 285 (2005) (holding that *Booker* does not apply retroactively to collateral proceedings under § 2255); *see also Guzmán v. United States,* 404 F.3d 139, 140 (2nd Cir.2005); *Varela v. United States,* 400 F.3d 864, 868 (11th Cir.2005); *Humphress v. United States,* 398 F.3d 855, 860–63 (6th Cir.2005). None of the announced guideline-related rules have been applied retroactively to cases on collateral review. *See Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), where the Supreme Court concluded that the new requirements in *Ring v. Arizona,* 536 U.S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which, like *Blakely* and *Booker,* applied *Apprendi* principles, do not apply retroactively to cases on collateral review. *Schriro v. Summerlin,* 124 S.Ct. at 2526; *Varela v. United States,* 400 F.3d at 867.

More important, even if *Apprendi, Blakely,* and *Booker* announced a new rule of constitutional law made retroactive to cases on collateral review, Petitioner Casas' motion would be denied as devoid of merit.

■ First, to be clear, as to the claim that the alleged Court determinations were based on the presentence report, the Court reminds the Petitioner that the presentence report does not bind the Court. *See, United States v. Nelson–Rodríguez,* 319 F.3d 12, 62–63 (1st Cir.2003)("[A]s the district court noted the report [PSR] is only a recommendation to the court; the court is not bound to accept these recommendations.") Therefore, this claim is meritless.

■ Second, contrary to Petitioner Casas' contention that the jury made no finding as to drug quantity or type, the jury convicted Petitioner of conspiring between September 1992 and March 1995 to possess with intent to distribute 9,445 kilo-grams of cocaine in violation of 21 U.S.C. § 846. The statutory maximum for this offense was life imprisonment. Because Petitioner's sentence, based on the firearm, leadership, and abuse of trust enhancements, was well within the statutory maximum, his *Apprendi* claim must fail.

■ More important, the *Apprendi/Blakely* claim was previously raised on appeal and is thus barred from consideration by this Court. Specifically, on appeal, Petitioner Casas argued, among other alleged errors, that the Court erred in denying his motion to sever his trial from that of his three co-defendants; that the prosecution failed to turn over exculpatory evidence in violation of *Brady v. State of Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); that there was reversible error in the admission of a portion of the testimony of an agent; that the Court improperly admitted several hearsay statements; that there was insufficiency of the evidence presented at trial; that his sentence violated the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the jury did not determine the drug quantity distributed by the conspiracy; that his Fifth Amendment rights were violated when he was sentenced by a judge who did not preside at his trial; and that there was insufficient evidence to support the Court's enhancement of his sentence as an organizer or leader of the criminal activity under U.S.S.G. § 3B1.1 (a).

Inasmuch as Petitioner Casas is alleging that his sentence should be vacated pursuant to *Apprendi* and *Blakely,* because the length of his sentence was allegedly based on factual determinations made by the trial court alone, rather than a jury, this claim was previously raised and expressly decided by the First Circuit and is therefore barred. The First Circuit decided his claim as follows:

"In sentencing Casas, the district court determined that the base offense level was 38 because the conspiracy for which he was convicted involved over 150 kilograms of cocaine. See U.S.S.G. § 2D1.1. It then applied a two-level enhancement for possession of a dangerous weapon, a four-level enhancement for leadership role, and a two-level enhancement for violating a position of trust, arriving at a total offense level of 46. After reducing this offense level to 43, the maximum under the sentencing guidelines, the court sentenced Casas to life in prison. The sentencing judge was not the same judge who conducted Casas's trial.

Casas first argues that his sentence violated the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the jury did not determine the drug quantity distributed by the conspiracy. *See United States v. Perez–Ruiz*, 353 F.3d 1, 14 (1st Cir.2003). He also argues *Apprendi* error because the jury made no findings with regard to the possession of a firearm in the conspiracy, Casas's leadership role in the conspiracy, or his abuse of a position of trust. These arguments are without merit. Contrary to Casas's assertion, the jury did make a specific drug quantity determination; the jury convicted Casas using a special verdict form on which it found that the conspiracy distributed 9,445 kilograms of cocaine. *See id.* at 15 ("The jury's findings would be readily ascertainable if the court had required it to complete and return a special verdict form.").

As to the sentencing enhancements for firearms possession, leadership role, and abuse of a position of trust, *Apprendi* does not require that the jury make any determinations on these questions; the statutory maximum for Casas was life imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A), 846 (conspiracy involv-

ing at least five kilograms of cocaine triggers a maximum sentence of life imprisonment for all coconspirators). The additional enhancements do not implicate the rule of *Apprendi*. *See United States v. Lopez–Lopez*, 282 F.3d 1, 22 (1st Cir.2002) ("*Apprendi's* prohibition applies only when the disputed fact enlarges the applicable statutory maximum and the defendant's sentence exceeds the original maximum." (internal quotations omitted))."

*Casas*, 356 F.3d at 125.

In light of the above, Petitioner Casas is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (holding that a § 2255 hearing is permitted on an issue previously addressed on direct appeal when there has been an intervening change in the law). *Cf. Singleton v. United States*, 26 F.3d 233, 240 (1st Cir.1993) (" '[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion.' ") (*quoting Dirring v. United States*, 370 F.2d 862, 864 (1st Cir.1967)); *United States v. Michaud*, 901 F.2d 5, 6 (1st Cir.1990)("We note that certain other claims raised in the § 2255 motion were decided on direct appeal and may not be relitigated under a different label on collateral review.").

Petitioner Casas' argument appears to be an attempt to relitigate an issue that was raised and rejected in Petitioner Casas' direct appeal, and he cannot raise it once again.

## C. Prosecutorial Misconduct Allegations

Petitioner claims that the prosecutor injected testimony and evidence of murder and violence during Petitioner's trial for drugs, which swayed the jury to determine

that Petitioner was guilty. *See* Petition, p. 4, Ground Three.

 Federal habeas corpus review of prosecutorial misconduct claims is "quite limited." *Tankleff v. Senkowski*, 135 F.3d 235, 252 (2d Cir.1998). In order to prevail on a claim of prosecutorial misconduct, a Petitioner must demonstrate that the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). Petitioner must demonstrate that the prosecutor's alleged misconduct "had a substantial and injurious effect or influence in determining the jury's verdict." *Bentley v. Scully*, 41 F.3d 818, 823 (2nd Cir.1994). The factors a court considers include: (1) the severity of the misconduct; (2) the measures adopted to cure the misconduct; and (3) the certainty of conviction absent the improper statements. *Tankleff*, 135 F.3d at 252.

 This claim, however, has been defaulted by Petitioner Casas. A collateral attack under § 2255 is, by design, far more limited than an appeal as the "usual and customary method of correcting trial errors is by appeal." *See United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) ("[A] final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Because a collateral challenge is not intended to serve the same functions as an appeal, the doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal. There are three instances, however, when a claim not previously raised may be considered on collateral review. The first instance is based on the procedural default test articulated by the Supreme Court in *United States v. Frady*,

456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), and requires a petitioner to show both: (1) cause; and (2) actual prejudice, resulting from the alleged error. *Id.* at 167, 102 S.Ct. 1584; *see also Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). To show "cause," the Petitioner's claim "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Mikalajunas*, 186 F.3d at 493 (quoting *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2678, 91 L.Ed.2d 397 (1986)). To show "actual prejudice," the Petitioner must demonstrate "that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Murray*, 477 U.S. at 494, 106 S.Ct. 2639. The *Frady* test presents "a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166, 102 S.Ct. 1584.

Alternatively, the second instance when a procedurally defaulted claim is properly considered by the Court on collateral review is when a Petitioner can demonstrate that he is actually innocent. Upon such a showing, the Court should issue a writ of habeas corpus in order to avoid a miscarriage of justice, regardless of whether the claim was procedurally defaulted. *See Schlup v. Delo*, 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

In addition to the *Frady* test and actual innocence exceptions, a claim founded on the allegation of ineffective assistance of counsel may also be properly raised in a § 2255 motion even if such claim was not preserved at the trial level or raised on direct appeal. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir.1991). This exception to the procedural default rule exists because, on appeal, both Petitioner's and defense counsel's positions may not be adequately established on the record. *Id.* at 120 (finding that ineffective assistance is

"more properly raised in a § 2255 habeas motion for collateral relief" where both the petitioner and counsel can adequately document their positions). As a result, an ineffective assistance claim brought pursuant to § 2255 is not required to meet the *Frady* "cause and actual prejudice" test. *DeFusco,* 949 F.2d at 120–21; *Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Rather, to succeed on collateral review, ineffective assistance claims are required to meet the two part test established in *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strickland* test requires a Petitioner to prove both: (1) that his attorney's conduct fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance caused him prejudice. *Strickland,* 466 U.S. at 687–91, 104 S.Ct. 2052.

Considering whether an attorney's conduct fell below an objective standard of reasonableness, the Court should be "highly deferential" to counsel's strategic decisions made during the course of representation. Under the standard established in *Strickland,* "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance." *Kratsas v. United States,* 102 F.Supp.2d 320, 322 (D.Md.2000) (citing *Strickland,* 466 U.S. at 688–89, 104 S.Ct. 2052). Likewise, evaluating counsel's conduct in retrospect requires "every effort be made to eliminate the distorting effects of hindsight ... and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *see Kimmelman v. Morrison,* 477 U.S. 365, 381–82, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). A Petitioner meets his burden only if he can show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guar-

anteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

Turning to the prejudice prong, to satisfy the *Strickland* test a Petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. The Supreme Court has defined reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* Most importantly, the burden of proof lies with the petitioner and petitioner's conclusory statements will not suffice to overcome such burden. *United States v. Turcotte,* 405 F.3d 515, 537 (7th Cir.2005) ("[U]nsubstantiated and largely conclusory statements fall far short of carrying [petitioner's] burden of persuasion as to the two elements of the test outlined in *Strickland.*"); *see United States v. Allgood,* 48 F.Supp.2d 554, 559 (E.D.Va.1999).

As a result, for Petitioner to succeed on his prosecutorial misconduct claim he had to demonstrate both cause and actual prejudice under the *Frady* test discussed above. Petitioner Casas utterly failed to do so. Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding these prosecutorial misconduct claims. *Smith,* 477 U.S. at 533, 106 S.Ct. 2661. Additionally, Petitioner Casas has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider these prosecutorial misconduct claims as a ground for a writ of habeas corpus in spite of the procedural default. Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review Petitioner's prosecutorial misconduct claims on the merits. *See Harris v. Stegall,* 157 F.Supp.2d 743, 751 (E.D.Mich.

2001). Petitioner's prosecutorial misconduct claims are procedurally barred and he is therefore not entitled to relief on these claims.

■ Further, even assuming prosecutorial misconduct which amounts to a constitutional error, such error would be harmless. Nothing indicates that the statements of the prosecutor had a substantial or injurious effect or influence on the jury's verdict. Petitioner has not shown how the alleged prosecutorial misconduct actually prejudiced him. Additionally, this claim is certainly not new. Significantly, this same claim was raised by codefendant Segui–Rodríguez and rejected by the Court of Appeals which held:

> "Segui–Rodriguez argues that the district court failed to enforce its own ruling forbidding any reference at trial to two murders involving the organization. The only specific example of this failure that Segui–Rodriguez identifies is the trial judge's statement to the jury that the government, in exchange for witness Thomas Martinez's cooperation, agreed not to prosecute him for two murders. This statement resolved a conflict between the parties; while the defendants wanted to impeach Martinez with his plea agreement, they did not want to open the door to the government's introduction of any testimony about the murders. As a compromise, the prosecution suggested that it would not introduce any evidence about the murders if the court, rather than the defendants, informed the jury about the government's plea agreement with Martinez. The court then asked each party whether this arrangement was acceptable. Counsel for Segui–Rodriguez indicated his approval. Segui–Rodriguez specifically agreed to the court's statement at trial, and that ends the matter. *See Freeman v. Package Mach. Co.*, 865

F.2d 1331, 1338 (1st Cir.1988) ("the importance of a contemporaneous objection is at its zenith" for Rule 403 objections in view of the "balancing calculus which that rule demands")."

*Casas,* 356 F.3d at 125–126.

■ Finally, Petitioner Casas also alleged that the prosecutor committed "several other acts that caused the petitioner to be deprived of a fair trial." *See* Petition, p. 4, Ground Three. Actually, not only did Petitioner defaulted this claim but also failed to develop any argument in favor of this claim. "It is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Nikijuluw v. Gonzales,* 427 F.3d 115, 120 n. 3 (1st Cir.2005) (citation omitted). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work.... 'Judges are not expected to be mindreaders.'" *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990), *cert. denied,* 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990) (citation omitted). Petitioner Casas' underlying allegations of prosecutorial misconduct are without merit.

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Ralph Casas is not entitled to federal habeas relief on the claims presented. Accordingly, it is ordered that Petitioner Ralph Casas' request for habeas relief under 28 U.S.C. § 2255 (Docket No. 1) is DENIED, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.