Miguel ENCARNACION–MONTERO,
Petitioner,

v.

UNITED STATES of America,
Respondent.

Civil No. 11–1677(DRD).
Criminal No. 05–0362(DRD).

United States District Court,
D. Puerto Rico.

Signed July 31, 2014.

---

Jorge L. Armenteros–Chervoni, San Juan, PR, for Petitioner.

Jose Capo–Iriarte, United States Attorneys' Office, Hato Rey, PR, for Respondent.

## *OPINION AND ORDER*

DANIEL R. DOMÍNGUEZ, District Judge.

On July 14, 2011, Petitioner Miguel Encarnacion–Montero filed a *Motion to Vacate, Set Aside, or Correct* his sentence under 28 U.S.C. § 2255 (Docket No. 1) arguing that the Court failed to provide him a translator during court proceedings and that his counsel was ineffective both at trial and on appeal. Petitioner further argues that, as a Dominican national, he has no knowledge of the judicial system in the United States and that his sentence of 288 month is basically a death sentence given his age (50 at time of sentencing).

On November 30, 2011, the Government opposed Petitioner's motion (Docket No. 9). Petitioner then filed a *Supplemental Motion* on December 19, 2011 (Docket No. 12), which the Government duly opposed on January 19, 2012 (Docket No. 14).

On May 7, 2012, the Court referred the instant motion to Magistrate Judge Justo Arenas who entered his *Report and Recommendation* (Docket No. 73) on February 10, 2014.[1] Therein, Magistrate Judge Arenas recommended that Petitioner's

*Motion to Vacate* (Docket No. 1) be denied finding that "there is not a scintilla of evidence pointing to inadequate and poor defense performance contributing to the ultimate outcome of the criminal case." Docket No. 73, at 27. The Magistrate Judge further determined that Petitioner's due process rights were not violated, as a certified court interpreter was active and present during all of Petitioner's court appearances.

On February 25, 2014, Petitioner filed a *Motion for Extension of Time* (Docket No. 74) to object to the *Report and Recommendation.* On that same date, the Court granted Petitioner's request and ordered that all objections be filed by March 25, 2014 (Docket No. 75). On March 24, 2014, Petitioner filed another *Motion for Extension of Time* (Docket No. 77) averring that he was in the process of obtaining an audio tape of the *Evidentiary Hearing* held before Mag. Judge Arenas on January 31, 2014. Once again, the Court granted Petitioner's request and extended the deadline to oppose the *Report and Recommendation* until April 14, 2014 (Docket No. 78).

Notwithstanding, on April 14, 2014, Petitioner filed yet another *Motion for Extension of Time* (Docket No. 79). The Court, in an extreme act of generosity, granted Petitioner's request, emphasizing that no further extensions of time would be granted but for the most serious cause (Docket No. 80). Nevertheless, to this date no objections have been filed.

## I. REFERRAL TO THE MAGISTRATE JUDGE

The Court may refer dispositive motions to a United States Magistrate Judge for a

---

**1.** On January 31, 2014, Magistrate Judge Arenas held an *Evidentiary Hearing* (Docket No. 70) wherein Petitioner was accorded the opportunity to testify on his behalf. The testimonies of Attorneys Joannie Plaza and Hector Ramos where also heard.

Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* FED.R.CIV.P. 72(b); *see also* Local Rule 72(a); *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). An adversely affected party may contest the Magistrate's Report and Recommendation by filing its objections. FED.R.CIV.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in pertinent part, provides that

> any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de *novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

■ "Absent objection, . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *see Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *see also Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Borden v. Sec. of H.H.S.*, 836 F.2d 4, 6 (1st Cir.1987)(holding that

appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").

■ The Court, in order to accept unopposed portions of the Magistrate Judge's *Report and Recommendation*, need only satisfy itself that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir.1996) (*en banc*) (extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir.1982) (en banc)(appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *see also Nogueras–Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R.2001) (finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED. R.CIV.P. 72(b)); *see also Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa.1990) (finding that "when no objections are filed, the district court need only review the record for plain error").

In the instant case, Petitioner did not file any objections to the Magistrate Judge's *Report and Recommendation* (Docket No. 73). Thus, the Court only reviews said *Report and Recommendation* for plain error.

After a careful analysis, the Court finds no "plain error" in the unobjected-to Factual and Procedural Background section of the Magistrate Judge's *Report and Recommendation*. Thus, rather than repeating the set of facts that pertain to the instant case in their entirety, the Court hereby **ACCEPTS, ADOPTS AND INCORPORATES** by reference the Magistrate Judge's findings of fact *in toto*,

noting particularly that they remain unchallenged.

## II. ANALYSIS

As previously explained, because the Magistrate Judge's *Report and Recommendation* is unopposed, the Court need only ascertain that there is no "plain error" as to the Magistrate Judge's conclusions in order to adopt the same. After a careful analysis, the Court finds no such "plain error" and agrees with the Magistrate Judge's conclusions. The Court would have reached the same decision even if the Petitioner had objected to the *Report and Recommendation*. Thus, the Court **ACCEPTS, ADOPTS and INCORPORATES** by reference the Magistrate's *Report and Recommendation* (Docket No. 73) to the instant *Opinion and Order*. We briefly explain.

The Court wholeheartedly agrees with Magistrate Judge Arenas' determination that Petitioner is unable to demonstrate that his counsel's performance, either Attorney Joannie Plaza–Martinez or Attorney Hector L. Ramos–Vega performance, fell below an objective standard of reasonableness. Thus, Petitioner fails to satisfy the applicable *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Under the *Strickland* test, Petitioner has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Padilla v. Kentucky*, 559 U.S. 356, 366, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052); *see Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir.1996); *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir.1994); *Lema v. U.S.*, 987 F.2d 48, 51 (1st Cir.1993); *Ló-pez–Nieves v. United States*, 917 F.2d 645, 648 (1st Cir.1990) (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052). There is no doubt that *Strickland* also applies to representation outside of the trial setting, which would include plea bargains, sentence and appeal. *See Missouri v. Frye*, —— U.S. ——, 132 S.Ct. 1399, 1408–10, 182 L.Ed.2d 379 (2012); *Lafler v. Cooper*, —— U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Bonneau v. United States*, 961 F.2d 17, 20–22 (1st Cir.1992); *United States v. Tajeddini*, 945 F.2d 458, 468–69 (1st Cir.1991) (abrogated on other grounds by *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)); *cf. Panzardi–Álvarez v. United States*, 879 F.2d 975, 982 (1st Cir.1989); *López–Torres v. United States*, 876 F.2d 4, 5 (1st Cir.1989) (abrogated on other grounds by *Bonneau v. United States*, 961 F.2d 17 (1st Cir.1992)).

In support of his contention that his counsels' performance was deficient, Petitioner argues that he was never informed of his right to testify at trial and that he never received any plea offers from the United States. He further avers that the defense team failed to properly investigate alibi witnesses. Magistrate Arenas concluded, and the Court agrees, that the Petitioner failed to satisfy the first prong of *Strickland*, as he simply cannot demonstrate that defense counsels' performances fell below an objective standard of reasonableness.

The facts on the record clearly establish that Petitioner's former defense attorneys discussed with him the possibility of testifying at trial, who advised him not to take the witness stand given the incriminating nature of his version of the facts. *See* Docket No. 35–1. Attorney Ramos–Vega vividly recalls a conversation

he had with Petitioner during trial wherein Petitioner opted against testifying. Additionally, Petitioner's defense team thoroughly investigated his alibi claim, but the evidence they found served to corroborate the Government's allegations. *Id.* at 7. In fact, Petitioner's claim that he was visiting a friend at the time of his arrest is contrary to what he disclosed to his defense team. *Id.* at 6.

■ Moreover, Petitioner's claim that he never received any plea offers is unavailing, as the testimony of his former defense attorney coupled with documentary evidence shows that Petitioner received and rejected more than one plea offer. According to Attorney Joannie Plaza Martinez, the Government initially offered Petitioner a plea deal for testifying against other co-conspirators, an offer rejected by Petitioner who declined to cooperate. The United States then proceeded to offer Petitioner a plea offer letter offering 168 months of imprisonment as to Count I and 60 months as to Count II. Petitioner once again rejected said offer, but, at counsel's request, submitted a counter-offer on October 10, 2006 proposing an agreement solely as to Count I for a term of 121 months. The Government accepted Petitioner's counter-offer on that same date. Nevertheless, when Attorney Joannie Plaza Martinez met with Petitioner on October 12, 2006 at MDC–Guaynabo he rejected the offer, vowing to win at trial. Thus, Petitioner opted to gamble at trial and eventually lost.

As Magistrate Judge Arenas correctly indicated, there is no evidence whatsoever of any wrongdoing on the part of Petitioner's defense team. Petitioner was duly advised of his constitutional right to testify and received and actively participated in plea negotiations. Moreover, his defense team investigated his alibi claim, yet elected no to present its findings at trial given the evidence's incriminating nature. Accordingly, Petitioner's *Motion to Vacate* on the basis of his counsels' ineffectiveness is hereby **DENIED WITH PREJUDICE.**

In a similar fashion, Petitioner's due process argument is unavailing, as the record clearly evinces the presence of a certified translator during all court proceedings. *See* Docket Nos. 64, 65, 69, 71, 72, 75, and 88. Thus, Petitioner's *Motion to Vacate* is also **DENIED WITH PREJUDICE** on this ground.

### III. CONCLUSION

For the reasons elucidated in the instant *Opinion and Order*, the Court hereby **ADOPTS** the Magistrate Judge's *Report and Recommendation* (Docket No. 73) **IN TOTO** and **INCORPORATES IT HEREIN BY REFERENCE.** Accordingly, Petitioner's *Motion to Vacate* (Docket No. 1) is hereby **DENIED.**

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c)(3).

**IT IS SO ORDERED.**