**Jose M. FELICIANO–RIVERA,**
**Plaintiff**

v.

**UNITED STATES of America,**
**Defendant.**

Civil 13–1585CCC.

United States District Court,
D. Puerto Rico.

Signed May 29, 2015.

Jose M. Feliciano–Rivera, Edgefield, SC, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

## JUDGMENT

CARMEN CONSUELO CEREZO, District Judge.

Having considered the Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 filed by petitioner José M. Feliciano–Rivera (**D.E. 1**), the United States' Response in Opposition (**D.E. 6**), and the Report and Recommendation issued by U.S. Magistrate–Judge Justo Arenas (**D.E. 8**), to which no objections have been filed, said Report and Recommendation is APPROVED and ADOPTED and petitioner's Motion Under 28 U.S.C. § 2255 is DENIED. Accordingly, it is ORDERED and ADJUDGED that judgment be and is hereby entered DISMISSING this action.

No certificate of appealability shall be issued, as petitioner has not made a substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell*, 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

SO ORDERED AND ADJUDGED.

### *MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

## I. PROCEDURAL HISTORY

Petitioner was indicted on October 28, 2010 in two counts of a four-count indict-

ment. Thirty-three other defendants were also indicted. Petitioner was charged in the first count in that beginning in or about the year 2000 and up to the return of the indictment, in the District of Puerto Rico and elsewhere and within the jurisdiction of this court, the defendants did knowingly and intentionally combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute in excess of five kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, as prohibited by Title 21, United States Code, Sections 841(a)(1). All in violation of 21 U.S.C. § 846. (Criminal No. 10–0412(CCC), Docket No. 3). Petitioner's role in the enterprise is not described. Count Four of the indictment is the corresponding substantive charge under 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).

After initially pleading not guilty to the charges on November 9, 2010, petitioner moved to change his plea on January 15, 2013 and entered a guilty plea on February 18, 2013. (Criminal No. 10–0412(CCC), Docket Nos. 180, 1035, 1037, 1050, 1083). As part of a plea agreement entered into with the United States, petitioner agreed to plea guilty to Count One of the indictment. The terms of the agreement called for holding petitioner accountable for at least five but less than fifteen kilograms of cocaine, thus establishing a base offense level of 32, pursuant to

U.S.S.G. § 2D1.1(c)(4), and a 3–level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. (Criminal No. 10–0412(CCC), Docket No. 1035 at 4). The parties agreed to a recommendation at the lower end of the applicable guideline.

Petitioner was sentence on May 28, 2013 to 70 months imprisonment as to Count One. (Criminal No. 10–0412(CCC), Docket No. 1174)[1]. The remaining count was then dismissed, as provided for in the plea agreement.

## II. MOTION TO VACATE, SET ASIDE OR VACATE SENTENCE

▪ This matter is before the court on petitioner Jose M. Feliciano–Rivera's timely motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, filed on July 31, 2013. (Docket No. 1.) Petitioner, pro se, states he brings three issues before the court for its consideration, but there are more. He argues that defense counsel was ineffective and violated his right to counsel since he was only an habitual cocaine user and not a distributor. Counsel never made a motion for severance so that he could be tried in relation to the evidence related to him as a user. He stresses that he had absolutely nothing to do with the charges or allegations made against him under the charging statutes. Petitioner also argues that he is actually innocent of the substantive offense[2], and accuses the grand jury of bias.

---

1. That sentence was reduced to 57 months by the court on December 22, 2014 based upon U.S.S.G. Amendment 782. (Criminal No. 10–0412(CCC), Docket No. 1599).

2. in *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), the Supreme Court explained that, " '[t]o establish actual innocence, petitioner must

demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him'." *Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir.2000). Petitioner must show that the evidence against him was weak, and so weak that no reasonable juror would have convicted him. *Id. citing Dejan v. United States*, 208 F.3d 682, 686 (8th Cir.2000). *See Ramirez–*

(Docket No. 1 at 2, ¶ 3). He states that his attorney coerced him into pleading guilty, and said that his actual innocence did not matter. He repeats his argument of severance and dismissal due to lack of physical evidence tying him to the enterprise. He discusses misjoinder of parties under a civil standard and repeats previous argument. He seeks dismissal and/or severance due to prejudice, and since there is no factual basis for the charges against him.

On October 14, 2014, in response to the section 2255 motion, the government notes that petitioner pled guilty and, having complied with the "safety valve", was sentenced at the lower end of the applicable guideline, as agreed to. The government disagrees with petitioner's allegation that there is no factual support for the charges, and stresses that petitioner readily admitted to his participation in the conspiracy, quoting extensively from the plea colloquy. Petitioner stated that he was satisfied with his attorney. The government also notes that there were no grounds for a severance for counsel to move the court. Finally, the government notes that petitioner has procedurally defaulted on his claims since they were never presented to the district court nor were they subject of a direct appeal. Included in this argument is that there is no predicate for the argument of actual innocence except for the bare conclusory allegation of the same. Petitioner's argument is contradicted by his statements made at the change of plea hearing under oath. At that hearing, petitioner understood that by pleading guilty, he waived the right to challenge the government's evidence, something that he could have done at trial.

■ Because petitioner appears pro se, his pleadings are considered more liberally, however inartfully or opaquely pleaded, than those penned and filed by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Proverb v. O'Mara,* 2009 WL 368617 (D.N.H. Feb. 13, 2009). Notwithstanding such license, petitioner's pro se status does not excuse him from complying with both procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir.1997). For example, I will treat the argument of misjoinder where petitioner cites the Federal Rules of Civil Procedure within the frameworks of Rules 8 and 14 of the Federal Rules of Criminal Procedure.

Having considered the arguments of the parties and for the reasons set forth below, I disagree with petitioner's arguments and recommend that petitioner Feliciano–Rivera's motion to vacate, set aside, or correct sentence be DENIED.

## III. DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426–27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States,* 134 F.3d 470, 474 (1st Cir.1998).

■ It is well settled that the Sixth Amendment right to counsel guarantees effective counsel. *See Strickland v. Washington,* 466 U.S. 668, 686–87, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Ortiz,* 146 F.3d 25, 27 (1st Cir.1998).

*Burgos v. United States,* 990 F.Supp.2d 108, 121 n. 11 (D.P.R.2013).

Nevertheless, petitioner bears a "very heavy burden" in his attempt to have his sentence vacated premised on an ineffective assistance of counsel claim. *See Argencourt v. United States,* 78 F.3d 14, 16 (1st Cir.1996); *Lema v. United States,* 987 F.2d 48, 51 (1st Cir.1993). This is particularly true in this circuit where a lawyer's performance is deficient under *Strickland* "... only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." *United States v. Rodriguez,* 675 F.3d 48, 56 (1st Cir.2012), quoting *Tevlin v. Spencer,* 621 F.3d 59, 66 (1st Cir.2010), which in turn quotes *Knight v. Spencer,* 447 F.3d 6, 15 (1st Cir.2006).

■ The United States Supreme Court has developed a two-pronged test to determine whether a criminal defendant was denied his constitutionally guaranteed effective assistance of counsel. *See Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052. Pursuant to this test, petitioner Feliciano–Rivera must first establish that his counsel in the criminal proceedings was deficient in that the quality of legal representation fell below an objective standard of reasonableness. *See id.* at 688, 104 S.Ct. 2052; *Rosenthal v. O'Brien,* 713 F.3d 676, 685 (1st Cir.2013); *Encarnacion–Montero v. United States,* 34 F.Supp.3d 202, 205 (D.P.R.2014). In order to satisfy the first-prong of the aforementioned test, petitioner "must show that 'in light of all the circumstances, the identified acts or omissions [allegedly made by his trial attorney] were outside the wide range of professionally competent assistance.'" *Tejeda v. Dubois,* 142 F.3d 18, 22 (1st Cir.1998) (citing *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. 2052). Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States,* 94 F.3d

20, 23 (1st Cir.1996) (citing *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052). Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight." *Argencourt v. United States,* 78 F.3d at 16 (citing, *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052); *see also Burger v. Kemp,* 483 U.S. 776, 789, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987).

■ The second prong of the test, "[t]he 'prejudice' element of an ineffective assistance [of counsel] claim[,] also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Argencourt v. United States,* 78 F.3d at 16 (citing *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. 2052); *Campuzano v. United States,* 976 F.Supp.2d 89, 99 (D.P.R.2013). Thus, petitioner must affirmatively "prove that there is a reasonable probability that, but for [his] counsel's errors, the result of the proceeding would have been different." *Knight v. United States,* 37 F.3d 769, 774 (1 Cir.1994) (citing *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052); *Encarnacion–Montero v. United States,* 34 F.Supp.3d at 205. That is, if petitioner succeeds in showing deficiencies in his legal representation, then he must conclusively establish that said deficiencies operated a real prejudice against him in the criminal proceedings. *See Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052.

■ There is no doubt that the cited two-part test also applies to representation outside of the trial setting, which would include sentence and appeal. *See Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Bonneau v. United States,* 961 F.2d 17, 20–22 (1st Cir.1992);

*United States v. Tajeddini,* 945 F.2d 458, 468–69 (1st Cir.1991), abrogated on other grounds by *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

Assuming that counsel's representation fell below an objective standard of reasonableness, petitioner would still have to prove that this resulted in prejudice to his case. *See Owens v. United States,* 483 F.3d 48, 63 (1st Cir.2007) (quoting *Strickland v. Washington,* 466 U.S. at 687–88, 104 S.Ct. 2052). For our purposes, it makes no difference in which order the two-part test is applied. *See United States v. Carrigan,* 724 F.3d 39 (1st Cir. 2013); *Turner v. United States,* 699 F.3d 578, 584 (1st Cir.2012).

With this synopsis of the law as background, it is clear that the court addressed the traditional Rule 11 core concerns at the change of plea hearing. That is, the court instructed the petitioner as to the nature of the charges, the consequences of his pleading guilty, including the possible sentence that petitioner would be facing, and the absence of coercion, that is, the voluntariness of the guilty plea. *See United States v. Cotal–Crespo,* 47 F.3d 1, 4 (1st Cir.1995); *Nieves–Ramos v. United States,* 430 F.Supp.2d 38, 43–44 (D.P.R.2006). (Criminal No. 10–0412(CCC), Docket No. 1539). Petitioner did not enter the plea colloquy with eyes wide shut. Petitioner was 49 years old at the time and had 1 1/2 years of college education. He had a situational depression due to the criminal case. He had been a cocaine user but had been clean for a long time, about two years. He said he was definitely satisfied with the services of his attorney, Luis Guzman, Esq. He was under oath at the change of plea hearing. The United States Magistrate Judge was meticulous in assuring that petitioner understood the consequences of the guilty plea, assuring that he

had discussed the consequences with his attorney, and that he agreed with the plea agreement terms. The safety valve was described to petitioner in detail. Petitioner assured the court that no threats of promises had been made to him for him to plea guilty. A factual summary of the evidence was provided and petitioner agreed to the same. All under oath. And the importance of the oath was also explained to petitioner.

At sentencing on May 28, 2013, the court noted petitioner's compliance with the requirements of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, warranting a two-level decrease under U.S.S.G. § 2D1.1(b)(16). (Criminal No. 10–0412(CCC), Docket No. 1530 at 5–6). Although there was a waiver of appeal clause in the plea agreement, the court explained that petitioner could appeal the sentence if he felt that his plea was unlawful or involuntary, or if there was some other defect in the proceeding that was not waived by the plea agreement. No appeal followed. No motion to vacate the plea was filed. Rather, two months later, petitioner moved to vacate the sentence and for dismissal of charges in this petition.

## IV. PROCEDURAL DEFAULT

▆ With a summary of the plea colloquy as background, I address the matter of procedural default.

A significant bar on habeas corpus relief is imposed when a prisoner did not raise claims at trial or on direct review. In such cases, a court may hear those claims for the first time on habeas corpus review only if the petitioner has "cause" for having procedurally defaulted his claims, and if the petitioner suffered "actual prejudice" from the error of which he complains.

▆ *United States v. Sampson,* 820 F.Supp.2d 202, 220 (D.Mass.2011), citing

*Owens v. United States,* 483 F.3d at 56, also citing *Oakes v. United States,* 400 F.3d 92, 95 (1st Cir.2005) ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted.") To obtain collateral relief in this case, petitioner must show cause excusing his double procedural default and actual prejudice resulting from the errors he is complaining about. *See United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). Ineffective assistance of counsel can clearly supply the cause element of the cause and prejudice standard. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), cited in *Bucci v. United States,* 662 F.3d 18, 29 (1st Cir.2011). However, petitioner has failed to show that defense counsel's representation was constitutionally ineffective under the *Strickland* two-part inquiry in terms of providing a reason why this issue is being presented here for the first time. Thus, petitioner's argument now suffers from double procedural default, that is, failure to initially attack the validity of the basis for conviction as to Count One by not moving to withdraw his guilty plea at the trial level, and failure to file a timely notice of appeal after sentencing. *See United States v. Frady,* 456 U.S. at 167–68, 102 S.Ct. at 1594.

▆▆▆▆ It is hornbook law that "... the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States,* 523 U.S. at 621, 118 S.Ct. 1604; *see Casas v. United States,* 576 F.Supp.2d 226, 233 (D.P.R.2008). Indeed, just as the court did here, the sentencing court generally informs defendants that they can appeal the conviction if the guilty plea was somehow unlawful or involuntary or if there was some other fundamental defect in the proceedings that was not waived by the guilty plea.

In any event, it is well settled that a court "will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so." *United States v. Parrilla–Tirado,* 22 F.3d 368, 373 (1st Cir.1994) (quoting *United States v. Pellerito,* 878 F.2d 1535, 1539 (1st Cir.1989)). "[I]t is the policy of the law to hold litigants to their assurances at a plea colloquy." *Torres–Quiles v. United States,* 379 F.Supp.2d 241, 248–49 (D.P.R.2005) (citing *United States v. Marrero–Rivera,* 124 F.3d 342, 349 (1st Cir.1997)). Thus, the petitioner "should not be heard to controvert his Rule 11 statements ... unless he [has] offer[ed] a valid reason why he should be permitted to depart from the apparent truth of his earlier statement[s]." *United States v. Butt,* 731 F.2d 75, 80 (1st Cir. 1984).... In relation to a motion to vacate sentence, ordinarily the court would have to "take petitioner's factual allegations 'as true,'" however it will not have to do so when like in this case "'they are contradicted by the record ... and to the extent that they are merely conclusions rather than statements of fact.'" *Otero–Rivera v. United States,* 494 F.2d 900, 902 (1st Cir. 1974) (quoting *Domenica v. United States,* 292 F.2d 483, 484 (1st Cir.1961)). *Perocier–Morales v. United States,* 887 F.Supp.2d 399, 417–18 (D.P.R.2012).

The argument that petitioner was forced to plea guilty by his attorney or that the plea was not factually supported is at best conclusory and contrary to the record of the change of plea. Indeed, considering the colloquy with the court, petitioner

could have opted to proceed to trial which was ultimately his right had he not chosen to enter a guilty plea. Petitioner appeared very satisfied with his attorney and he expressed the same under oath. Now he presents an about face, scarcely two months after he received his sentence.

Finally, petitioner received a favorable sentence if one considers the mandatory statutory minimum he faced. And his allegation of actual innocence is undeveloped and unfounded within the petition's pages, particularly when compared with his admissions under oath and the statement of facts which he agreed to.

## V. SEVERANCE

■ Petitioner argues that counsel should have sought a severance. Rule 8 of the Federal Rules of Criminal Procedure permits joinder of offenses or defendants in the same indictment or information to promote judicial economy. *United States v. Josleyn*, 99 F.3d 1182, 1188 (1st Cir. 1996). A trial judge has broad discretion to grant or deny severance of joined counts or defendants after balancing the interest in judicial economy against the risk of prejudice to the defendant or the government. *See, e.g., United States v. Magana*, 127 F.3d 1, 7 (1st Cir.1997). As is well known, generally, persons who "are indicted together should be tried together." *United States v. DeLeón*, 187 F.3d 60, 63 (1st Cir.1999) (quoting *United States v. O'Bryant*, 998 F.2d 21, 25 (1st Cir.1993)); *United States v. Catalan-Roman*, 376 F.Supp.2d 96, 101 (D.P.R.2005). For severance to be granted, a defendant "must demonstrate prejudice so pervasive that it would be likely to effect a miscarriage of justice." *United States v. DeLeón*, 187 F.3d at 63; *United States v. LiCausi*, 167 F.3d 36, 49 (1st Cir.1999); *United States v. Sabatino*, 943 F.2d 94, 96–97 (1st Cir.1991); *Rivera–Garcia v. United States*, 2013 WL 6438951 at *6 (D.P.R. Dec. 9, 2013).

■ Joint trials prevent inconsistent verdicts and conserve judicial and prosecutorial resources. *United States v. Saunders*, 553 F.3d 81, 85 (1st Cir.2009), citing *United States v. Soto–Beniquez*, 356 F.3d 1, 29 (1st Cir.2004). The statement is particularly true in conspiracy charges. *See Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *United States v. Tiem Trinh*, 665 F.3d 1, 17–18 (1st Cir.2011); *Pinillos v. United States*, 990 F.Supp.2d 83, 96 (D.P.R.2013). Rule 14(a) of the Federal Rules of Criminal Procedure allows severance of a trial if prejudice is apparent. At this stage, the argument is defaulted. Even more so that petitioner entered a guilty plea and did not proceed to trial. But again, no prejudice has been shown by the decision to plea guilty and not proceed to trial where the possibility of acquittal may range around three percent.

Considering the result of the plea negotiations and petitioner's sentence, it is clear that the best decision was for petitioner to enter a guilty plea and not face a minimum of ten years in prison. He might have asked for a severance had he decided to go to trial on the position that he was an addict who would follow anyone who get him cocaine, something that is no longer true. If one looks at the statistics of conviction in this court, it is difficult to couch his argument of ineffective assistance by defense counsel Guzman in Sixth Amendment terms. Indeed, if one compares the statements made by petitioner about his attorney under oath, and his position in this motion, one may easily conclude that two people are comparing different notebooks. The court should not ignore the statement petitioner made under oath and adopt the conclusory and ethereal arguments presented in collateral review.

## VI. CONCLUSION

 Habeas corpus is an extraordinary remedy and is granted sparingly. Direct review is more defendant-friendly than post-judgment review. *United States v. George,* 676 F.3d 249, 258 (1st Cir.2012), citing *United States v. Frady,* 456 U.S. at 165–66, 102 S.Ct. at 1593. Thus it is in this case. *See Ellis v. United States,* 313 F.3d 636, 644–45 (1st Cir.2002).

In view of the above, I find that petitioner has failed to establish that his counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington,* 466 U.S. at 686–87, 104 S.Ct. 2052; *United States v. Downs–Moses,* 329 F.3d 253, 265 (1st Cir.2003). Furthermore, even assuming that petitioner has succeeded in showing a deficiency in his legal representation, which he has failed to do, he is unable to establish that any deficiency resulted in a prejudice against him in the criminal proceedings. *See Owens v. United States,* 483 F.3d at 63 (quoting *Strickland v. Washington,* 466 U.S. at 687–88, 104 S.Ct. 2052). It is impossible to find that claimed errors have produced " 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " *Knight v. United States,* 37 F.3d at 772 (quoting *Hill v. United States,* 368 U.S. at 428, 82 S.Ct. 468). Petitioner received the sentence that he negotiated for. In hindsight, he wants a do over.

Accordingly, it is my recommendation that petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 be DENIED.

Based upon the above, I also recommend that no certificate of appealability be issued, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Lassalle–Velazquez v. United States,* 948 F.Supp.2d 188, 193 (D.P.R.2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

In San Juan Puerto Rico this 23rd day of January, 2015.