Edwin SANTOS–MARTINEZ, Plaintiff

v.

UNITED STATES of America,
Defendant.

Civil No. 13–1586CCC.

United States District Court,
D. Puerto Rico.

Signed May 29, 2015.

Edwin Santos–Martinez, Fort Dix, NJ, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

## JUDGMENT

CARMEN CONSUELO CEREZO, District Judge.

Having considered the Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 filed by petitioner Edwin Santos–Martínez (D.E. 1), the United States' Response in Opposition (D.E. 4), and the Report and Recommendation issued by U.S. Magistrate–Judge Justo Arenas (**D.E. 8**), to which no objections have been filed, said Report and Recommendation is APPROVED and ADOPTED and petitioner's Motion Under 28 U.S.C. § 2255 is DENIED. Accordingly, it is ORDERED and ADJUDGED that judgment be and is hereby entered DISMISSING this action.

No certificate of appealability shall be issued, as petitioner has not made a substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

SO ORDERED AND ADJUDGED.

## *MAGISTRATE JUDGE REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

This matter comes before the court on petitioner Edwin Santos–Martínez's mo-

tion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, filed on July 21, 2013. (Docket No. 1). A response in opposition to the motion was filed by the government on December 11, 2013. (Docket No. 4). A reply to the response was then filed on January 15, 2014. (Docket No. 6).

## I. PROCEDURAL HISTORY AND BACKGROUND

Petitioner was originally charged together with 70 other defendants with serious narcotics and weapons offenses in a seven-count indictment. (Criminal No. 08–0281(CCC), Docket No. 3). He entered a guilty plea subject to a nonbinding plea agreement and was sentenced on November 16, 2010 to a term of imprisonment of 108 months as to Count One. (Criminal No. 08–0281(CCC), Docket Nos. 1784, 2030). The other counts in which he was charged were then dismissed. An untimely notice of appeal shortly followed, and the appeal from the judgment of conviction had been decided when the motion under section 2255 was filed. (Criminal No. 08–0281(CCC), Docket No. 2073). Indeed, that appeal was dismissed on January 14, 2013 and mandate issued on February 6, 2013. (Criminal No. 08–0281(CCC), Docket Nos. 3031, 3040).

The court of appeals entered a judgment as to petitioner's appeal, noting the following:

> Defendant Edwin Santos–Martinez appeals his conviction and sentence on a drug conspiracy charge. His appeal was filed late and the district court refused to extend his time to file it because she determined that he had not demonstrated excusable neglect or good cause. Defendant did not file a notice of appeal from this determination, but contends

that, because he was effectively abandoned by his counsel after sentencing, his appeal should not be subject to dismissal on timeliness grounds.

> The government seeks dismissal of the appeal as untimely, conceding that the criminal appeal period, Fed. R.App. P. 4(b), is not jurisdictional, but asserting that it is a mandatory claims-processing rule, a matter on which we have not yet opined in a published opinion since the Supreme Court decisions in *Bowles v. Russell*, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) and *Eberhart v. United States*, 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam). However, after a thorough review of the record, we bypass the question of whether we may excuse the untimeliness of the appeal because the appeal waiver defendant agreed to as part of his plea agreement was clear, was explained to him, and works no miscarriage of justice.

*United States v. Santos–Martinez*, No. 13–1768 (1 Cir. January 14, 2013). (Criminal No. 08–0281(CCC), Docket Nos. 3031, 3040).[1]

Petitioner argues that defense counsel, notwithstanding having been instructed to file a notice of appeal, failed to file an appeal and thus incurred in ineffective assistance. *See Bonneau v. United States*, 961 F.2d 17, 21 (1 Cir.1992); *cf. United States v. Torres–Otero*, 232 F.3d 24, 31–32 (1 Cir.2000). This dereliction of duty ultimately led to the dismissal of his appeal. (Docket No. 1). He includes an affidavit where he attests that he requested from his attorney Mr. Rafael Castro Lang to file a notice of appeal after sentence was imposed. (Docket No. 1–2). Counsel told him that he would file the notice of appeal

---

**1.** As the government notes, petitioner was denied certiorari in *Santos–Martinez v. United* *States*, —— U.S. ——, 133 S.Ct. 2373, 185 L.Ed.2d 1090 (2013).

on his behalf, and that once filed, he would mail petitioner a copy of the same. He also asked for additional money for representation on appeal, although petitioner had none. The notice of appeal was not filed. A pro-se notice of appeal was dismissed as untimely.

The United States quotes from the sentencing colloquy as well as from the judgment of the court of appeals in arguing that there is no cause and prejudice reflected in petitioner's argument. It stresses that petitioner was not deprived of an appeal, and that the appellate court rejected his claims and upheld the waiver of appeal in the plea agreement. (Docket No. 4 at 6).

■ Petitioner replies that he was prejudiced, relying on *United States v. Tajeddini*, 945 F.2d 458, 466 (1 Cir.1991), and stressing that he had asked to file a notice of appeal and counsel failed to do so. Thus the Sixth Amendment violation. Petitioner stresses that since he is a pro se litigant, counsel must be appointed, an evidentiary hearing must be held, and he must be resentenced in order that his right to appeal be reinstated.[2]

## II. DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or

> that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States*, 134 F.3d 470, 474 (1 Cir.1998).

■ It is well settled that the Sixth Amendment right to counsel guarantees effective counsel. *See Strickland v. Washington*, 466 U.S. 668, 686–87, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Ortiz*, 146 F.3d 25, 27 (1 Cir.1998). Nevertheless, petitioner bears a "very heavy burden" in his attempt to have his sentence vacated premised on an ineffective assistance of counsel claim. *See Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir.1996); *Lema v. United States*, 987 F.2d 48, 51 (1st Cir.1993). This is particularly true in this circuit where a lawyer's performance is deficient under *Strickland* " . . . only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." *United States v. Rodriguez*, 675 F.3d 48, 56 (1st Cir.2012), quoting *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir.2010), which in turn quotes *Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir.2006).

■ The United States Supreme Court has developed a two-pronged test to determine whether a criminal defendant was denied his constitutionally guaranteed effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. 2052. Pursuant to the test established in *Strickland*, petitioner Santos–

---

**2.** If an evidentiary hearing is warranted in relation to a motion brought under § 2255, the court is required to appoint counsel to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. However, where a petitioner's claims are contradicted by the record or inadequate to state a claim for relief, the court is not required to conduct a full evidentiary hearing or to ap-

point counsel. *See Moreno–Espada v. United States*, 666 F.3d 60, 66 (1st Cir.2012); *Owens v. United States*, 483 F.3d 48, 57 (1st Cir. 2007); *Ellis v. United States*, 313 F.3d 636, 641 (1st Cir.2002); *David v. United States*, 134 F.3d 470, 477 (1st Cir.1998); *Berroa Santana v. United States*, 939 F.Supp.2d 109, 116 (D.P.R.2013).

Martinez must first establish that his counsel in the criminal proceedings was deficient in that the quality of legal representation fell below an objective standard of reasonableness. *See id.* at 688, 104 S.Ct. 2052; *Rosenthal v. O'Brien,* 713 F.3d 676, 685 (1 Cir.2013); *Encarnacion–Montero v. United States,* 34 F.Supp.3d 202, 205 (D.P.R.2014). In order to satisfy the first-prong of the aforementioned test, petitioner "must show that 'in light of all the circumstances, the identified acts or omissions [allegedly made by his trial attorney] were outside the wide range of professionally competent assistance.'" *Tejeda v. Dubois,* 142 F.3d 18, 22 (1st Cir.1998) (citing *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. 2052). Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States,* 94 F.3d 20, 23 (1 Cir.1996) (citing *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052). Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight." *Argencourt v. United States,* 78 F.3d at 16 (citing, *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052); *see also Burger v. Kemp,* 483 U.S. 776, 789, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987).

■ The second prong of the test, "[t]he 'prejudice' element of an ineffective assistance [of counsel] claim[,] also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Argencourt v. United States,* 78 F.3d at 16 (citing *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. 2052); *Campuzano v. United States,* 976 F.Supp.2d 89, 99 (D.P.R.2013). Thus, petitioner must affirmatively "prove that

there is a reasonable probability that, but for [his] counsel's errors, the result of the proceeding would have been different." *Knight v. United States,* 37 F.3d 769, 774 (1 Cir.1994) (citing *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052); *Encarnacion–Montero v. United States,* 34 F.Supp.3d at 205–06. That is, if petitioner succeeds in showing deficiencies in his legal representation, then he must conclusively establish that said deficiencies operated a real prejudice against him in the criminal proceedings. *See Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052.

■ There is no doubt that the cited two-part test also applies to representation outside of the trial setting, which would include sentence and appeal. *See Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Bonneau v. United States,* 961 F.2d 17, 20–22 (1 Cir.1992); *United States v. Tajeddini,* 945 F.2d at 468–69, abrogated on other grounds by *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

Assuming that counsel's representation fell below an objective standard of reasonableness, petitioner would still have to prove that this resulted in prejudice to his case. *See Owens v. United States,* 483 F.3d at 63 (quoting *Strickland v. Washington,* 466 U.S. at 687–88, 104 S.Ct. 2052). For our purposes, it makes no difference in which order the two-part test is applied. *See United States v. Carrigan,* 724 F.3d 39 (1st Cir.2013); *Turner v. United States,* 699 F.3d 578, 584 (1st Cir.2012).

■ Within a habeas corpus case the decision to order an evidentiary hearing is left up to the discretion of the court. A court may deny an evidentiary hearing when "(1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations 'need not be ac-

cepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *David v. United States,* 134 F.3d at 477 (quoting *United States v. McGill,* 11 F.3d 223, 225–26 (1st Cir.1993)); *Shraiar v. United States,* 736 F.2d 817, 818 (1 Cir. 1984). In this case, petitioner has specifically requested an evidentiary hearing.

## III. ANALYSIS

Petitioner has made no showing of any type other than the fact that his retained attorney did not file a notice of appeal as instructed, this after petitioner had been sentenced under a plea agreement which called for a waiver of appeal. Petitioner makes no proffer as to why the district court was not informed of mitigating circumstances which would have directed it to sentence him at the lower end of the advisory guidelines, which the court in fact did. The plea agreement allowed petitioner to seek the sentence he ultimately received, 108 months. The United States was allowed to seek a 135–month sentence. Below the 108 month mark, the plea agreement would have been breached. Without the plea agreement, petitioner would have faced at least a 120–month mandatory minimum sentence, like nine other defendants who received such a sentence or higher. As it was, petitioner received two level increases for firearms and protected location.

There is a great body of law which clearly requires an evidentiary hearing and appointment of counsel based on the allegation of failure of defense counsel to pursue an appeal once directed by a sentenced defendant. There is also another body of law supporting the principle that evidentiary hearings are the exception and not the rule. Whatever would be shown at the evidentiary hearing remains a mystery, although I may take as true that Mr. Castro–Lang was directed to file a notice of appeal and did not. *Cf. Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999).

All this said, the right to appeal may be waived by a defendant in appropriate circumstances. This requires "... 1) a written plea agreement, signed by the defendant, containing a clear statement elucidating the waiver and delineating its scope and 2) the court's questioning of the defendant specifically about his understanding of the waiver provision and informing him of its ramifications, in accordance with Fed. R.Crim. P. 11(b)(1)(N). *United States v. De–La–Cruz Castro,* 299 F.3d 5, 10 (1st Cir.2002) (citing *United States v. Teeter,* 257 F.3d 14, 24 (1 Cir.2001)." *Levine v. United States,* 382 F.Supp.2d 256, 259 (D.Mass.2005). And it is clear that the court of appeals is ready to enforce a waiver of appeal as long as "'the defendant knowingly and voluntarily agreed to its terms and enforcement would not result in miscarriage of justice.' *United States v. McCoy,* 508 F.3d 74, 77 (1 Cir.2007), citing *Teeter,* 257 F.3d at 24–26)." *United States v. Almonte–Nunez,* 771 F.3d 84, 88 (1 Cir. 2014); *see United States v. Santiago,* 769 F.3d 1, 7–8 (1st Cir.2014); *United States v. Newbert,* 504 F.3d 180, 182 (1 Cir.2007).

The change of plea colloquy before U.S. Magistrate Judge Marcos Lopez reflects a classic, indeed a painstaking Rule 11 proceeding. (Criminal No. 08–281(CCC), Docket No. 2679). *See United States v. Cotal–Crespo,* 47 F.3d 1, 4 (1st Cir.1995); *Nieves–Ramos v. United States,* 430 F.Supp.2d 38, 43–44 (D.P.R.2006). Petitioner noted that he understood that he was waiving a number of rights by pleading guilty. Among them was the right of appeal under certain circumstances.

USMJ LOPEZ: Do you understand that there is a Waiver of Appeal Clause in paragraph 17 of the Plea Agreement?

DEFENDANT: Yes.

USMJ LOPEZ: Have you discussed, with your attorney, the implications and consequences of having this Waiver of Appeal Clause in your Plea Agreement?

DEFENDANT: Yes.

USMJ LOPEZ: Do you understand the implications and consequences of waiving your right to Appeal?

DEFENDANT: Yes

USMJ LOPEZ: Has anyone pressured you, or coerced you, in anyway, to waive your right to Appeal?

DEFENDANT: No.

USMJ LOPEZ: Do you understand that if the Court accepts this Plea Agreement and sentences you according to its terms and conditions you'll be waiving and surrendering your right to Appeal the judgment and sentence in this case?

DEFENDANT: Yes.

(Criminal No. 08–281(CCC), Docket No. 2679 at 27).

At sentencing, defense counsel elegantly provided support for the court's sentencing the defendant to the lower end of the stipulated sentencing range of 108 to 135 months, also comparing the hoped for sentence to the sentences given other co-defendants. (Criminal No. 08–281(CCC), Docket No. 2686 at 3–4). The defendant expressed contrition in front of the court and his family which filled the first two rows of the courtroom, and also thanked everyone for the work they had done. (Criminal No. 08–281(CCC), Docket No. 2686 at 5). The court provided guidance for petitioner regarding the waiver of appeal.

THE COURT: Mr. Santos, although you entered a plea of guilty, and pursuant to the terms of your plea agreement you waived your right to appeal the judgment and the sentence imposed in this case, you are nonetheless advised that you can appeal your conviction if you understand that your guilty plea was unlawful or involuntary, or there is some other fundamental defect in the proceedings that was not waived by your plea agreement. The Notice of Appeal must be filed within 14 days after entry of judgment in your case.

(Criminal No. 08–281(CCC), Docket No. 2686 at 10).

A review of this record points to the conclusion that the court need not dispense added mercy when the plea agreement was more than merciful, and an evidentiary hearing would provide nothing of import. This conclusion is fully supported by the judgment of the court of appeals, which refers to the waiver of appeal which was part of the plea agreement.

"Defendant further contends that he was prejudiced by a provision in the plea agreement that any recommendation for a sentence below 108 months would constitute a breach of the plea agreement. He says that this limitation restricted his right to argue for a variance and that "he could not fully inform the sentencing court of mitigating factors that could be used to fashion a less harsh sentence." Defendant cites only *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) in support of his position. He also argues that the plea agreement "rendered the sentencing guidelines as mandatory, not advisory," thereby violating [*United States v. Booker*[, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ]. This argument is meritless on its face. Defendant could certainly have presented mitigating evidence if only to persuade the court that 108 months was a just sentence and that the court should not impose a higher sentence, which defendant knew the court had the discretion to do."

*United States v. Santos–Martinez,* No. 13–1768 (1 Cir. January 14, 2013).

Petitioner's reliance on *United States v. Tajeddini,* supra, is misplaced. As noted above, the case was abrogated by *Roe v. Flores–Ortega,* 528 U.S. at 478, 120 S.Ct. 1029. The Supreme Court eliminated the bright-line rule that counsel must file a notice of appeal unless the defendant specifically instructed otherwise, and held that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Roe v. Flores–Ortega,* 528 U.S. at 480, 120 S.Ct. 1029. Evidence of consult is clear but not even a hint of what would have been a non-frivolous issue is mentioned and the court of appeals has already noted that the obvious issue raised by petitioner is meritless. Thus, the cause and prejudice barrier of *Strickland v. Washington,* 466 U.S. at 687–88, 104 S.Ct. 2052 has not been breached. And again, even after the reply brief has been filed, the court is left to speculate as to how petitioner's viable arguments were not considered by the court of appeals. Indeed, the judgment begins "Defendant Edwin Santos–Martinez appeals his conviction and sentence on a drug conspiracy charge."

## IV.  CONCLUSION

In view of the above, I find that petitioner has made a showing that his counsel's representation fell below an objective standard of reasonableness in not following his instructions to file a notice of appeal, regardless of merit. *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *see Strickland v.*

*Washington,* 466 U.S. at 686–87, 104 S.Ct. 2052; *United States v. Downs–Moses,* 329 F.3d 253, 265 (1st Cir.2003); *cf. De–La-Cruz v. United States,* 865 F.Supp.2d 156, 167 (D.P.R.2012). Nevertheless, it is clear that the waiver of appeal clause of the plea agreement was not only valid but reviewed by the court of appeals, which found that the appeal waiver defendant agreed to as part of his plea agreement was clear, was explained to him, and works no miscarriage of justice. *See United States v. Santiago–Burgos,* 750 F.3d 19, 22–23 (1st Cir. 2014); *United States v. Rodriguez–Santana,* 554 Fed.Appx. 23, 25–26 (1 Cir. Feb.7, 2014). Furthermore, when petitioner filed a late notice of appeal pro se, he knew his attorney had not appealed. The notice of appeal mentions no reasons why it was untimely filed. (Criminal No. 08–281(CCC), Docket No. 2073). Thus the court was put in no position to weigh what petitioner now presents in terms of his abandonment by defense counsel. And no appeal of the court's order denying the request to file an untimely notice of appeal was forthcoming. It is therefore impossible to find that any error has produced " 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " *Knight v. United States,* 37 F.3d at 772 (quoting *Hill v. United States,* 368 U.S. at 428, 82 S.Ct. 468). Petitioner contracted with the government for a sentence which he ultimately received.

Accordingly, it is my recommendation that petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Based upon the above, I also recommend that no certificate of appealability be issued, because there is no substantial showing of the denial of a constitutional

right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Lassalle–Velazquez v. United States,* 948 F.Supp.2d 188, 193 (D.P.R.2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Sch. Union No. 37 v. United Nat'l Ins. Co.,* 617 F.3d 554, 564 (1 Cir.2010); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983).

In San Juan Puerto Rico this 20th day of January, 2015.